UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAI KANG,<br><br>        Plaintiff,<br><br>    -against-<br><br>USA,<br><br>        Defendant. | 1:20-CV-6206 (CM)<br><br>ORDER DIRECTING PAYMENT OF FEES<br>OR AMENDED IFP APPLICATION |

COLLEEN McMAHON, Chief United States District Judge:

  Plaintiff brings this action *pro se*, seeking to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). For the reasons discussed below, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees that are required to file a civil action in this Court or submit an amended IFP application.

  To proceed with a civil action in this Court, a plaintiff must either pay $400.00 in fees – a $350.00 filing fee plus a $50.00 administrative fee – or, to request authorization to proceed without prepayment of fees, submit an IFP application. *See* 28 U.S.C. §§ 1914, 1915.

  Plaintiff has filed an IFP application, but he has not fully completed it, and the information that he has provided in it is not clear. Plaintiff checks the boxes in his IFP application to indicate that he is unemployed, and that in the past twelve months, neither he nor anyone living at the same residence has received more than $200.00 from specified sources. (ECF 1, at 1-2.) But he fails to clearly answer the application's questions about how much money he has in a bank account, the worth of any property or other assets he owns, his monthly expenses, any individuals he supports financially, or any of his other financial obligations. He either answers those questions by stating "n/a" or he does not answer them at all. (*Id.* at 2.)

Because of Plaintiff's failure to fully answer his IFP application's questions about his financial status, the Court does not have sufficient information to make a determination concerning Plaintiff's IFP application. Accordingly, within thirty days of the date of this order, Plaintiff must either pay the $400.00 in fees to commence this action or complete and submit the attached amended IFP application in which he must fully disclose his financial status by clearly answering all of the application's questions. If Plaintiff submits the amended IFP application, it should be labeled with docket number 1:20-CV-6206 (CM). If the Court finds that Plaintiff now possesses the funds to pay the relevant fees, he may be required to pay them.

Plaintiff has consented to electronic service of Court documents. (ECF 3.) No summons shall issue at this time. If Plaintiff complies with this order, this action shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the Court will dismiss this action.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 17, 2020
         New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge