UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KAI KANG,

                Plaintiff,

            -against-

USA,

                Defendant.

1:20-CV-6206 (CM)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

By order dated August 17, 2020, the Court directed Plaintiff, who appears *pro se*, to either pay the relevant fees to bring this action or submit an amended application to proceed *in forma pauperis* ("IFP"). (ECF 4.) By order dated September 21, 2020, and entered the next day, the Court held that Plaintiff's IFP applications that he had filed in response to the Court's August 17, 2020 order did not remedy the deficiencies in his original IFP application because he failed to fully disclose his financial information. (ECF 7.) Thus, the Court dismissed this action without prejudice. (ECF 7 & 8.)

On September 28, 2020, Plaintiff filed a motion for reconsideration. (ECF 9.) The Court construes the motion as one in which Plaintiff asks the Court to alter or amend the judgment dismissing this action under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration of the Court's dismissal of this action under Local Civil Rule 6.3. For the reasons discussed below, the Court denies the motion.

## DISCUSSION

The standards governing a motion to alter or amend a judgment under Rule 59(e) and a motion for reconsideration under Local Civil Rule 6.3 are the same. *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 508 (S.D.N.Y. 2009). The movant must demonstrate that the Court

overlooked controlling decisions or factual matters that had been previously put before it. *Id.* at 509; *see Padilla v. Maersk Line, Ltd.*, 636 F. Supp. 2d 256, 258 (S.D.N.Y. 2009). "Such motions must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also SimplexGrinnell LP v. Integrated Sys. & Power, Inc.*, 642 F. Supp. 2d 206, 210 (S.D.N.Y. 2009) ("[A] motion for reconsideration is not an invitation to parties to treat the court's initial decision as the opening of a dialogue in which [a] party may then use such a motion to advance new theories or adduce new evidence in response to the court's ruling.") (internal quotation marks and citation omitted).

Plaintiff has failed to show that the Court overlooked controlling decisions or factual matters that would cause the Court to vacate its September 21, 2020 dismissal of this action. The Court therefore denies Plaintiff relief under Rule 59(e) and Local Civil Rule 6.3.

## CONCLUSION

Plaintiff has consented to electronic service of Court documents. (ECF 3.)

The Court construes Plaintiff's motion for reconsideration as a motion to alter or amend a judgment under Rule 59(e) of the Federal Rules of Civil Procedure, and for reconsideration under Local Civil Rule 6.3. The Court denies the motion. The Court therefore directs the Clerk of Court to terminate ECF 9.

The Court also directs the Clerk of Court to accept no further submissions from Plaintiff under this docket number, except for papers directed to the United States Court of Appeals for the Second Circuit.

SO ORDERED.

Dated:  October 28, 2020
        New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge